The opinion of the Court was delivered by
Wabdlaw, A. J.
We refer to the case of the State vs. Jennings, decided at this term, for explanation of what we shall say in this case, nearly resembling that.
Here it appears from the certificate of the clerk, which contains an extract from the journal of-the Court, that at the regular term of the Court, beginning the first Monday (7th day) of October, 1867, no juries were empanelled or *48 drawn because General Orders No. 89, then of force, could not be e mplied with for want of lists of the registered voters, wbicb tbe registrars had not furnished; that October 10, Judge Dawkins in open Court made an order for an extra Court to commence the second Monday of November (11th) and continue two weeks; that on the second Monday of November, in the absence of the Judge, and according to directions given by him in anticipation of his absence, the clerk and sheriff in presence of a magistrate opened Court and drew juries for the second week of that extra Court; that the drawing was from a box which contained the names of all citizens who had paid taxes for the current year, whether the taxes had been assessed or were mere poll taxes, which was supposed to be conformable to General Orders No. 32, and to the modification of orders No. 89, made by General Orders No. 100, October 17,1867; that the jurors so drawn were summoned and did attend during the second week of the extra Court beginning November 18, and that by a jury composed of these jurors this prisoner was tried before Judge Munro, who held Court that second week.
The power of a Circuit Judge to order an extra Court depends upon the Act of 1825, (7 Stat. 329, § 1,) and by that it is made his duty when “ ordering the extra Court, to order juries to be drawn for said extra Court as well as for the next regular Court.” The Clerk’s Act of 1839, (11 Stat. 74, § 13,) gives power to the Clerk, with the assistance of the Sheriff and in the presence of a magistrate, to draw juries at any regular term, when no Judge attends, and also provides that “ if an extra Court shall be ordered, he shall in the presence of the Sheriff and such magistrate draw the necessary juries and issue the proper venires for such extra term.” This provision furnishes juries for an extra Court when they could not have been drawn for it at a previous regular term, and is adapted to the extra Courts *49 ordered by the Court of Appeals, under the Acts of 1817 and 1824, (7 Stat. 317, § 1,2,3 ; 376, § 5;) then of force, to which has since been added the Act of 1843, (11 Stat. 254, § 5.) The provision is not applicable to an extra Court ordered by a Circuit Judge, because, not only is a drawing of jurors for that to be had at a regular term but a proceeding prior to the extra Court is directed by “venires for such extra term.” No Act contemplates the drawing at any Court of juries for that Court.
The drawing was then without authority, and it was also irregular. It was not from a list authorized by any law of the State, and it was not conformable to any general orders of the Military Commandant; not conformable to General Orders No. 32, because that makes qualified jurors of only “all citizens assessed for taxes and who have paid taxes for the current year,” — nor to Orders No. 89, because that makes qualified jurors of only “all citizens assessed for taxes, and who have paid taxes for the "current year, and who are qualified, and have been, or may be duly registered as voters.” Nor to Orders No. 100, of October 17; 1867, because in that the first paragraph speaks of jurors already drawn and summoned; and the second paragraph which directs drawing from the lists of “all citizens who have paid taxes for the current year,” is confined to “drawing juries at the fall terms of the District and Circuit Courts for the next term of the said Courts.” The extra Court at which the jurors were drawn for this case was not a fall term and the jurors were not drawn for the next'term of the Court.
The judgment is arrested, and it is ordered that the .prisoner be remanded for trial.
Dunkin, C. J., and Inglts, A. J., concurred.

Motion granted.